UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

**FILED**
JUN 29 2011


\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | \* | CR. 11-40038 |
| Plaintiff, | \* | REPORT AND RECOMMENDATION |
| | \* | (Motion to Dismiss, Doc. 18) |
| vs. | \* | |
| WILLIAM STEGMEIER, | \* | |
| Defendant. | \* | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Pending is Stegmeier's Motion to Dismiss Count One or Count Two of the Indictment (Doc. 18). The matter has been decided on the briefs. Based on a careful consideration of the parties' written submissions, makes the following:

### RECOMMENDATION

It is respectfully recommended that Defendant's Motion to Dismiss be **DENIED.**

### JURISDICTION

Stegmeier is charged in an Indictment with Concealing a Person from Arrest in violation of 18 U.S.C. § 1071, Accessory After the Fact to Failure to Appear in violation of 18 U.S.C. §§ 3 and 3146(a)(1) and Providing a Firearm to a Prohibited Person in violation of 18 U.S.C. §§ 922(d)(1) and 922(d)(2). The pending Motion to Dismiss was referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Judge Schreier's Standing Order dated March 18, 2010.

### FACTUAL BACKGROUND

The outcome of the pending motion turns on a legal issue. No testimony was received into evidence. The pertinent facts are gleaned from the applicable statutes and corresponding Eighth Circuit Model jury instructions.

## DISCUSSION

Stegmeier moves to dismiss Count One or Count Two of the Indictment. The basis of Stegmeier's motion is his assertion that to prosecute him for both (1) Concealing a Person from Arrest in violation of 18 U.S.C. § 1071 and for (2) Accessory After the Fact to Failure to Appear in violation of 18 U.S.C. §§ 3 and 3146(a)(1) will violate his Fifth Amendment right against double jeopardy. In other words, Stegmeier asserts the Indictment is multiplicitous.

It has been said that stating the rule against multiplicity is simple, but implementing the proper judicial test to implement the rule is more difficult. The question of whether one or separate offenses are charged involves difficult and subtle distinctions.[1] This case is no exception.

"Multiplicity arises in a wide variety of contexts. Multiplicity . . . becomes an issue when a single act is the basis for charging two or more separate offenses, each for the violation of a separate statutory provision."[2] "Multiplicity" is the charging of a single offense in several counts.[3] "An indictment is multiplicitous when it charges a single offense as an offense multiple times, in separate counts, when, in law and fact, only one crime has been committed. This violates the Double Jeopardy Clause of the Fifth Amendment, subjecting a person to punishment for the same crime more than once."[4] "[T]he test to be applied to determine whether there are two offenses or only one is whether each provision requires proof of a fact which the other does not."[5] This test is met even

---

[1] *United States v. Christner*, 66 F.3d 922, 927 (8th Cir. 1995).

[2] *United States v. Christner*, 66 F.3d 922, 927-28 (8th Cir. 1995) *citing Blockburger v. United States*, 284 U.S. 299, 52 S.Ct. 180, 76 L.Ed.2d 306 (1932).

[3] *Gerberding v. U.S.* 471 F.2d 55, 58 (8th Cir. 1972). *See also*, Wright, *Federal Practice and Procedure* §§ 142, p. 306 (1969 Ed.).

[4] *U.S. v. Chacko* 169 F.3d 140, 145 (2nd Cir. 1999) (citations and internal quotations omitted).

[5] *United States v. Wilkinson,* 124 F.3d 971, 975 (8th Cir. 1997) *citing Blockburger v. United States*, 284 U.S. 299, 304, 52 S.Ct. 180, 182, 76 L.Ed.2d 306 (1932).

if there is a substantial overlap in the proof offered to prove the crimes.[6]

Stegmeier is charged in Count One with Concealing a Person from Arrest in violation of 18 U.S.C. § 1071. That statute states:

> **§1071 Concealing person from arrest**
>
> Whoever harbors or conceals any person for whose arrest a warrant or process has been issued under the provisions of any law of the United States, so as to prevent his discovery and arrest, after notice or knowledge of the fact that a warrant or process has been issued for the apprehension of such person, shall be fined under this title or imprisoned not more than one year, or both; except that if the warrant or process issued on a charge of felony, or after conviction of such person of any offense, the punishment shall be a fine under this title, or imprisonment for not more than five years, or both.

This charge, therefore, has four essential elements:

**(1)** a federal warrant has been issued for the arrest of the subject person;

**(2)** the defendant knew the warrant had been issued;

**(3)** with that knowledge, the defendant harbored or concealed the subject person; and

**(4)** the defendant intended to prevent the discovery or arrest of the subject person.[7]

Stegmeier is charged in Count Two with Accessory After the Fact to Failure to Appear in violation of 18 U.S.C. §§3 and 3146(a)(1). Those statutes state:

> **§3   Accessory after the fact**
>
> Whoever, knowing that an offense against the United States has been committed, receives, relieves, comforts or assists the offender in order to hinder or prevent his apprehension, trial, or punishment, is an accessory after the fact.
>
> Except as otherwise expressly provided by any Act of Congress, an accessory after the fact shall be imprisoned not more than one-half the maximum term of imprisonment (notwithstanding section 3571) fined not more than one-half the maximum fine prescribed for the punishment of the principal, or both; or if the principal is punishable by life imprisonment or death, the accessory shall be

---

[6]*Iannelli v. United States*, 420 U.S. 770, 785 n. 17, 95 S.Ct. 1284, 1293 n. 17, 43 L.Ed. 616 (1975).

[7] *See* Eighth Circuit Model Criminal Jury Instruction 6.18.1071; *United States v. Hayes*, 518 F.3d 989, 995 (8th Cir. 2008); *United States v. Hill*, 279 F.3d 731, 737-38 (8th Cir. 2002).

imprisoned not more than 15 years.

**§3146(a)(1).   Penalty for failure to appear**
**(a) Offense-**   Whoever, having been released under this chapter knowingly–
    **(1)**   fails to appear before a court as required by the conditions of release;
\*\*\*\*
shall be punished as provided in subsection (b) of this section.

This charge, therefore, has three essential elements:

(1)   the principal committed the offense of failure to appear;

(2)   the defendant knew the principal committed the offense of failure to appear; and

(3)   after the principal committed the crime of failure to appear, the defendant helped the principal in order to prevent the principal's arrest, trial or punishment.[8]

Applying the *Blockburger* test to the charges contained in Count One and Count two reveals that they are not multiplicitous. Count One (Concealing a Person From Arrest) requires proof that Stegmeier concealed Thomas Kelley. Count Two does not require that Stegmeier *concealed* Thomas Kelley, only that Stegmeier in some way "*received, relieved, comforted or assisted*" him.

Count Two (Accessory After the Fact to Failure to Appear) requires that Thomas Kelley failed to appear. This is not a requirement for Count One.[9] Because each count requires proof of an element that the other does not, the Indictment is not multiplicitous and does not violate the Fifth Amendment.

---

[8]*See* Eighth Circuit Model Criminal Jury Instruction 5.05

[9]Failure to Appear pursuant to 18 U.S.C. § 3146(a)(1) applies exclusively to people who have been arrested and released on conditions. Concealing a person from arrest under 18 U.S.C. § 1071 could apply to principals (such as Kelley) who are released on conditions or to principals who have not yet entered the legal system or made their first appearance, but for whom an arrest warrant has been issued.

## CONCLUSION

For the reasons more fully explained above, it is respectfully recommended to the District Court that Defendant's Motion to Dismiss Count One or Count Two (Doc. 18) be **DENIED**.

## NOTICE TO PARTIES

The parties have fourteen (14) days after service of this Report and Recommendation to file written objections pursuant to 28 U.S.C. § 636(b)(1), unless an extension of time for good cause is obtained. Failure to file timely objections will result in the waiver of the right to appeal questions of fact. Objections must be timely and specific in order to require de novo review by the District Court.

*Thompson v. Nix*, 897 F.2d 356 (8th Cir. 1990)

*Nash v. Black*, 781 F.2d 665 (8th Cir. 1986)

Dated this 29 day of June, 2011.

BY THE COURT:

_____
John E. Simko
United States Magistrate Judge

ATTEST:

JOSEPH HAAS, Clerk

By _____, Deputy

(SEAL)