UNITED STATES DISTRICT COURT

**FILED**

OCT 0 7 2011

DISTRICT OF SOUTH DAKOTA

CLERK

SOUTHERN DIVISION

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | * | CR. 11-40038 |
| | * | |
| Plaintiff, | * | |
| | * | JURY |
| - vs - | * | INSTRUCTIONS |
| | * | |
| WILLIAM "BILL" STEGMEIER, | * | |
| | * | |
| Defendant. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

*Lawrence Piersol*
U.S. District Court Judge

INSTRUCTION NO. 1

Members of the jury, the instructions I gave you at the beginning of the trial and during the trial remain in effect. I now give you some additional instructions.

You must, of course, continue to follow the instructions I gave you earlier, as well as those I give you now. You must not single out some instructions and ignore others, because *all* are important. This is true even though some of those I gave you at the beginning of the trial are not repeated here.

The instructions I am about to give you now are in writing and will be available to you in the jury room. I emphasize, however, that this does not mean they are more important than my earlier instructions. Again, *all* instructions, whenever given and whether in writing or not, must be followed.

INSTRUCTION NO. _2_

It is your duty to find from the evidence what the facts are. You will then apply the law, as I give it to you, to those facts. You must follow my instructions on the law, even if you thought the law was different or should be different.

Do not allow sympathy or prejudice to influence you. The law demands of you a just verdict, unaffected by anything except the evidence, your common sense, and the law as I give it to you.

INSTRUCTION NO. 3

There is nothing particularly different in the way that you should consider the evidence in a trial from that in which any reasonable and careful person would treat any very important question that must be resolved by examining facts, opinions, and evidence. You are expected to use your good sense in considering and evaluating the evidence in the case for only those purposes for which it has been received and to give such evidence a reasonable and fair construction in the light of your common knowledge of the natural tendencies and inclinations of human beings.

Keep constantly in mind that it would be a violation of your sworn duty to base a verdict upon anything other than the evidence received in the case and the instructions of the Court. Remember as well that the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence because the burden of proving guilt beyond a reasonable doubt is always assumed by the government.

INSTRUCTION NO. 4

I have mentioned the word "evidence." The "evidence" in this case consists of the testimony of witnesses, the documents and other things received as exhibits, and any facts that have been stipulated–that is, formally agreed to by the parties.

You may use reason and common sense to draw deductions or conclusions from facts which have been established by the evidence in the case.

Certain things are not evidence. I will list those things again for you now:

1. Statements, arguments, questions, and comments by lawyers representing the parties in the case are not evidence.

2. Objections are not evidence. Lawyers have a right to object when they believe something is improper. You should not be influenced by the objection. If I sustained an objection to a question, you must ignore the question and must not try to guess what the answer might have been.

3. Testimony that I struck from the record, or told you to disregard, is not evidence and must not be considered.

4. Anything you saw or heard about this case outside the courtroom is not evidence.

Finally, if you were instructed that some evidence was received for a limited purpose only, you must follow that instruction.

INSTRUCTION NO. 5

There are two types of evidence which are generally presented during a trial–direct evidence and circumstantial evidence.  Direct evidence is the testimony of a person who asserts or claims to have actual knowledge of a fact, such as an eyewitness.  Circumstantial evidence is proof of a chain of facts and circumstances indicating the existence of a fact.  The law makes absolutely no distinction between the weight or value to be given to either direct or circumstantial evidence.  Nor is a greater degree of certainty required of circumstantial evidence than of direct evidence.  You should weigh all the evidence in the case.  After weighing all the evidence, if you are not convinced of the guilt of the defendant beyond a reasonable doubt with regard to the charge in issue, you must find him not guilty of that charge.

# INSTRUCTION NO. 6

If any reference by the Court or by counsel to matters of testimony or exhibits does not coincide with your own recollection of that evidence, it is your recollection which should control during your deliberations and not the statements of the Court or of counsel.

You are the sole judges of the evidence received in this case.

INSTRUCTION NO. 7

If you took notes during the trial, your notes should be used only as memory aids. You should not give your notes precedence over your independent recollection of the evidence. If you did not take notes, you should rely on your own independent recollection of the proceedings and you should not be influenced by the notes of other jurors. I emphasize that notes are not entitled to any greater weight than the recollection or impression of each juror as to what the testimony may have been.

# INSTRUCTION NO. 8

In deciding what the facts are, you may have to decide what testimony you believe and what testimony you do not believe. You may believe all of what a witness said, or only part of it, or none of it.

In deciding what testimony to believe, consider the witness's intelligence, the opportunity the witness had to have seen or heard the things testified about, the witness's memory, any motives that witness may have for testifying a certain way, the manner of the witness while testifying, whether that witness said something different at an earlier time, the general reasonableness of the testimony, and the extent to which the testimony is consistent with any evidence that you believe.

In deciding whether or not to believe a witness, keep in mind that people sometimes hear or see things differently and sometimes forget things. You need to consider therefore whether a contradiction is an innocent misrecollection or lapse of memory or an intentional falsehood, and that may depend on whether it has to do with an important fact or only a small detail.

You should judge the testimony of the defendant in the same manner as you judge the testimony of any other witness.

INSTRUCTION NO. 9

Your decision on the facts of this case should not be determined by the number of witnesses testifying for or against a party. You should consider all the facts and circumstances in evidence to determine which of the witnesses you choose to believe or not believe. You may find that the testimony of a smaller number of witnesses on one side is more credible than the testimony of a greater number of witnesses on the other side.

INSTRUCTION NO. 10

You have heard testimony from a person described as an expert.  Persons who, by knowledge, skill, training, education or experience, have become expert in some field may state their opinions on matters in that field and may also state the reasons for their opinion.

Expert testimony should be considered just like any other testimony.  You may accept or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the soundness of the reasons given for the opinion, the acceptability of the methods used, and all the other evidence in the case.

INSTRUCTION NO. 11

The government and the defendant have stipulated -- that is, they have agreed -- that certain facts are as the government and the defendant agreed. You must therefore treat those facts as having been proved.

INSTRUCTION NO. 12

You must presume that the Defendant is innocent of the crimes charged against him. The Indictment is only a formal method of beginning a criminal case. It does not create any presumption of guilt; it is merely an accusation. The fact that a person has been indicted does not create any inference, nor is it evidence, that he is guilty of a crime. The presumption of innocence alone is sufficient to acquit the Defendant of a crime unless you as jurors are satisfied beyond a reasonable doubt of the Defendant's guilt of the crime charged from all the evidence that has been introduced in the case against him.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. This burden never shifts to a defendant for the law never imposes upon a defendant in a criminal case the burden or duty of calling any witnesses or producing any evidence. Unless the government proves, beyond a reasonable doubt, that the Defendant committed each and every element of each crime charged against him in the Indictment, you must find the Defendant not guilty of that crime.

There is no burden upon the Defendant to prove that he is innocent.

# INSTRUCTION NO. 13

A reasonable doubt is a doubt based upon reason and common sense, and not the mere possibility of innocence. A reasonable doubt is the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt, therefore, must be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it. However, proof beyond a reasonable doubt does not mean proof beyond all possible doubt.

# INSTRUCTION NO. 14

The first count of the Indictment charges that from on or about August 23, 2010, and continuing through and including on or about December 22, 2010, all dates approximate and inclusive, in the District of South Dakota and elsewhere, the defendant, William "Bill" Stegmeier, harbored and concealed a person, namely Thomas R. Kelley, for whose arrest a warrant and process had been issued under the law of the United States, and he did so to prevent Kelley's discovery and arrest, after notice and knowledge of the fact that a warrant and process had been issued for Kelley's apprehension following Kelley's convictions for various federal offenses in case number CR 08-40173, entitled *United States v. Thomas R. Kelley*, in violation of 18 U.S.C. § 1071.

Another count of the Indictment charges that from on or about August 23, 2010, and continuing through and including on or about December 22, 2010, all dates approximate and inclusive, in the District of South Dakota and elsewhere, the defendant, William "Bill" Stegmeier, disposed of a .357 Magnum Ruger GP100 revolver, serial number 173-47958, by delivering it to Thomas R. Kelley, knowing and having reasonable cause to believe that Thomas R. Kelley was under indictment and had been convicted of a crime punishable by a term exceeding one year and was a fugitive from justice, in violation of 18 U.S.C. §§ 922(d)(1) and 922(d)(2).

The defendant has pleaded not guilty to these charges. Keep in mind that each count charges a separate crime. You must consider each charge separately, and return a separate verdict for each charge.

As I told you at the beginning of the trial, an indictment is simply an accusation. It is not evidence of anything. To the contrary, the defendant is presumed to be innocent. Thus the defendant, even though charged, begins the trial with no evidence against him. The presumption of innocence alone is sufficient to find the defendant not guilty of each charge and can be overcome only if the Government proves, beyond a reasonable doubt, each element of the particular crime charged.

INSTRUCTION NO. 15

The Indictment charges that the offenses were committed "on or about" certain dates. Although it is necessary for the government to prove beyond a reasonable doubt that the offenses were committed on a date reasonably near the dates alleged in the Indictment, it is not necessary for the government to prove that the offenses were committed precisely on the dates charged.

## INSTRUCTION NO. 16

Section 1071 of Title 18 of the United States Code provides, in pertinent part, that it is unlawful if a person " harbors or conceals any person for whose arrest a warrant or process has been issued under the provisions of any law of the United States, so as to prevent his discovery and arrest, after notice or knowledge of the fact that a warrant or process has been issued for the apprehension of such person."

# INSTRUCTION NO. 17

Section 922(d)(1) and 922(d)(2) of Title 18 of the United States Code provide, in pertinent part, that it is " unlawful for any person to sell or otherwise dispose of any firearm or ammunition to any person knowing or having reasonable cause to believe that such person--

(1) is under indictment for, or has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year; [or]

(2) is a fugitive from justice;

# INSTRUCTION NO. 18

The crime of concealing a person from arrest, as charged in Count One of the Indictment in this case, has four elements, which are:

*One*, a federal warrant had been issued for the arrest of Thomas R. Kelley after convictions for various federal offenses in case number CR 08-40173, entitled *United States v. Thomas R. Kelley*;

*Two*, the defendant knew the warrant had been issued;

*Three*, with that knowledge, the defendant harbored or concealed Thomas R. Kelley ; and

*Four*, the defendant intended to prevent the discovery or arrest of Thomas R. Kelley.

If all of these elements have been proved beyond a reasonable doubt as to the defendant, then you must find the defendant guilty of the crime of concealing a person from arrest; otherwise you must find the defendant not guilty of this crime.

INSTRUCTION NO. 19

Knowledge may be proved like anything else. You may consider any statements made and acts done by the defendant, and all the facts and circumstances in evidence which may aid in a determination of the defendant's knowledge.

# INSTRUCTION NO. 20

You may find that the defendant acted knowingly if you find beyond a reasonable doubt that the defendant was aware of a high probability that a warrant had been issued for the arrest of Thomas R. Kelley and that the defendant deliberately avoided learning the truth. The element of knowledge

may be inferred if the defendant deliberately closed his eyes to what would otherwise have been obvious to him.

You may not find the defendant acted "knowingly" if you find he was merely negligent, careless or mistaken as to whether a warrant had been issued for the arrest of Thomas R. Kelley.

INSTRUCTION NO. 20 A

In this case, the defendant cannot be convicted simply because he was associated with or friendly with anyone who may have acted in violation of the law. Each element of each offense must be proved independently against the defendant individually on the basis of his own conduct and state of mind.

# INSTRUCTION NO. 2

The crime of Providing a Firearm to a Prohibited Person, as charged in the Indictment, has two elements, which are:

*One*, the defendant wilfully disposed of a firearm to Thomas R. Kelley, that is, a .357 Magnum Ruger GP100 revolver, serial number 173-47958, and

*Two*, the defendant knew or had reasonable cause to believe that Thomas R. Kelley had been convicted of a crime punishable by imprisonment for a term exceeding one year, or the defendant knew or had reasonable cause to believe that Thomas R. Kelley was a fugitive from justice.

If both of these elements have been proved beyond a reasonable doubt as to the defendant, then you must find the defendant guilty of the crime of Providing a Firearm to a Prohibited Person; otherwise you must find the defendant not guilty of this crime.

The Government may prove the second element by either proving beyond a reasonable doubt that the defendant knew or had reasonable cause to believe that Thomas R. Kelley had been convicted of a crime punishable by imprisonment for a term exceeding one year, or by proving beyond a reasonable doubt that the defendant knew or had reasonable cause to believe that Thomas R. Kelley was a fugitive from justice. However, you must unanimously agree that the defendant knew or had reasonable cause to believe that Thomas R. Kelley had been convicted of a crime punishable by imprisonment for a term exceeding one year, or unanimously agree the defendant knew or had reasonable cause to believe that Thomas R. Kelley was a fugitive from justice. If you cannot agree in that manner, you must find the defendant not guilty of the crime of Providing a Firearm to a Prohibited Person.

INSTRUCTION NO. 22

A person stands convicted of a crime at the point at which a jury verdict of guilty has been entered against him.

## INSTRUCTION NO. 23

In conducting your deliberations and returning your verdict, there are certain rules you must follow. I will list those rules for you now.

First, when you go to the jury room, you must select one of your members as your foreperson. That person will preside over your discussions and speak for you here in court.

Second, it is your duty, as jurors, to discuss this case with one another in the jury room. You should try to reach agreement if you can do so without violence to individual judgment, because your verdict – whether guilty or not guilty – must be unanimous.

Each of you must make your own conscientious decision, but only after you have considered all the evidence, discussed it fully with your fellow jurors, and listened to the views of your fellow jurors.

Do not be afraid to change your opinions if the discussion persuades you that you should. But do not come to a decision simply because other jurors think it is right, or simply to reach a verdict.

Third, if the Defendant is found guilty of the charge, the sentence to be imposed is my responsibility. You may not consider punishment in any way in deciding whether the government has proved its case beyond a reasonable doubt.

Fourth, if you need to communicate with me, you may send a note to me through the marshal, signed by one or more jurors. I will respond as soon as possible either in writing or orally in open court. Remember that you should not tell anyone, including me, how your vote stands numerically.

Fifth, your verdict must be based solely on the evidence and on the law which I have given to you in my instructions. Nothing I have said or done is intended to suggest what your verdict should be -- that is entirely for you to decide.

Finally, the verdict form is simply the written notice of the decision that you reach in this case. You will take this form to the jury room, and when each of you has agreed upon the verdict, your foreperson will fill in the form, sign and date it, and advise the marshal that you are ready to return to the courtroom.