FILED
DEC 0 2 2011

UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 11-40038 |
| Plaintiff, | |
| - vs - | MEMORANDUM OPINION AND ORDER RE: MOTION FOR JUDGMENT OF ACQUITTAL |
| WILLIAM "BILL" STEGMEIER, | |
| Defendant. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

After having been found guilty by a jury of counts One and Three of the Indictment, Defendant William Stegmeier has moved for a judgment of acquittal pursuant to FED. R. CRIM. P. 29. Doc. 58. Count One charged Stegmeier with harboring and concealing a person in violation of 18 U.S.C. § 1071. Count Three charged Stegmeier with providing a firearm to a prohibited person in violation of 18 U.S.C. §§ 922(d)(l) and 922(d)(2).[1] For the reasons stated below, the motion for judgment of acquittal is denied.

## DISCUSSION

Federal Rule of Criminal Procedure 29 allows the district court, after a jury verdict, to set aside the verdict and enter of a judgment of acquittal for "any offense for which the evidence is insufficient to sustain a conviction." In considering a motion for a judgment of acquittal, the court must view "the evidence in the light most favorable to the Government, resolving evidentiary conflicts in favor of the Government, and accepting all reasonable inferences drawn from the evidence that support the jury's verdict." *Petersen v. United States*, 352 F.Supp.2d 1016, 1026 (D.S.D.2005) (internal citations omitted). "When a district court considers a motion for acquittal, it does so with 'very limited latitude.' The court should not assess the credibility of the witnesses or

---

[1] Count 2, which was dismissed by Order of this Court after the Government moved for its dismissal, charged Stegmeier with accessory after the fact to failure to appear, in violation of 18 U.S.C. §§ 3 and 3146(a)(1).

weigh the evidence." *United States v. Hernandez*, 301 F.3d 886, 889 (8th Cir.2002) (internal citations omitted). A motion for judgment of acquittal should be granted only if the court concludes that "*no* reasonable jury could have found guilt beyond a reasonable doubt." *United States v. Barrow*, 287 F.3d 733, 736 (8th Cir. 2003).

1.
## WHETHER THE USE OF THE SPECIAL VERDICT ENTITLES STEGMEIER TO A JUDGMENT OF ACQUITTAL?

There was no special verdict for the crime of concealing a person from arrest, the crime charged in Count One of the Indictment. After the Verdict Form asked the jury to find not guilty or guilty on the charge in Count Three of unlawfully disposing of a firearm, however, the Verdict Form contained the following language:

**IF YOUR VERDICT FOR THE CRIME OF UNLAWFULLY DISPOSING OF A FIREARM IS NOT GUILTY, HAVE YOUR FOREPERSON DATE AND SIGN THE VERDICT FORM. IF YOUR VERDICT FOR THE CRIME OF UNLAWFULLY DISPOSING OF A FIREARM IS GUILTY, ANSWER THE FOLLOWING QUESTIONS:**

**Did you unanimously agree that the defendant knew or had reasonable cause to believe that Thomas R. Kelley had been convicted of a crime punishable by imprisonment for a term exceeding one year?**

_____ YES         _____NO

**Did you unanimously agree that the defendant knew or had reasonable cause to believe that Thomas R. Kelley was a fugitive from justice?**

_____ YES         _____NO

Stegmeier cites to a number of cases that are critical of the use of special verdicts in criminal cases. Stegmeier cites specifically to *Gray v. United States*, 174 F.2d 919, 923-24 (8th Cir. 1949). In the *Gray* case the Eighth Circuit reversed a conviction in which special verdicts were utilized. In the *Gray* case, however, the trial court concluded and the Eighth Circuit agreed, that the charge in each count of the information was not duplicitous. 174 F.2d at 921. In the case at hand Count Three of the Indictment was duplicitous in that it charged Stegmeier with providing a firearm to a prohibited person in violation of both 18 U.S.C. §§ 922(d)(1) and 922(d)(2). 18 U.S.C.§ 922(d)(1)

2

makes it unlawful to dispose of a firearm to a person who "is under indictment for, or has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year." 18 U.S.C.§ 922(d)(2) makes it unlawful to dispose of a firearm to a person who "is a fugitive from justice."

The primary concern with a duplicitous charge is that a jury may convict a defendant without unanimously agreeing on the defendant's guilt with respect to a particular offense. *See United States v. Karam*, 37 F.3d 1280, 1286 (8th Cir. 1994). A duplicitous charge may be corrected by giving a unanimity instruction comparable to the one that was included in Instruction No. 21 in this case. *Id.* However, the wisest approach is to give both a unanimity instruction and use a special verdict form so that the record clearly reflects unanimity in the jury's verdict. *See United States v. Starks*, 472 F.3d 466, 471 (7th Cir.2006). The use of the special verdict form does not entitle Stegmeier to a judgment of acquittal.

2.
## WHETHER THERE WAS SUFFICIENT EVIDENCE TO SUPPORT A GUILTY VERDICT ON THE HARBORING CHARGE?

The elements of harboring a fugitive are that the defendant knew about a federal warrant issued for a fugitive's arrest, that the defendant engaged in physical acts that aided the fugitive in avoiding detection and apprehension, and that the defendant intended to prevent the fugitive's discovery. *United States v. Zerba,* 21 F.3d 250, 252 (8th Cir.1994).Stegmeier's employees, Jens Christensen and Dave Gabel testified at trial that before Thomas Kelley's apprehension, Stegmeier made statements referencing Kelley being wanted in South Dakota and being on Minnehaha County's Most Wanted list. Stegmeier testified he read in the paper that Kelley had been indicted on federal tax charges. These are some of the charges for which Kelley was convicted and failed to appear for sentencing.

Stegmeier admitted in his testimony that he allowed Kelley to live in his RV first in Tea, South Dakota, starting the end of September of 2010, then at a job site in Wood Lake, Minnesota from about October 22, 2010, until December 22, 2010, when Kelley was apprehended by law enforcement. Barbara Kelley testified that while Kelley was staying in the RV, Stegmeier stated that if anyone came looking for Tom Kelley, Stegmeier had a place for Kelley to hide. Stegmeier also admitted allowing Kelley to park his truck on Stegmeier's property, when Stegmeier knew the

3

authorities were looking for the truck to repossess it. Further, Stegmeier employed Kelley and paid him with cash which helped Kelley stay on the run and avoid detection.

After resolving all evidentiary conflicts in favor of the Government, and accepting all reasonable inferences drawn from the evidence that support the jury's verdict in this case, this Court concludes that Stegmeier is not entitled to a judgment of acquittal based on insufficiency of the evidence with regard to the harboring charge.

3.
## WHETHER THERE WAS SUFFICIENT EVIDENCE TO SUPPORT A GUILTY VERDICT ON THE PROVIDING A FIREARM TO A PROHIBITED PERSON CHARGE?

18 U.S.C.. § 922(d)(1) and (2) provide: "It shall be unlawful for any person to sell or otherwise dispose of any firearm or ammunition to any person knowing or having reasonable cause to believe that such person--

> (1) is under indictment for, or has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year; [or]
> 
> (2) is a fugitive from justice."

The evidence presented at trial or all reasonable inferences drawn from the evidence would support a jury finding that Stegmeier know or had reasonable cause to believe that Thomas Kelley was under indictment for, or had been convicted of a crime punishable by imprisonment for a term exceeding one year. This evidence would also support a jury finding that Stegmeier know or had reasonable cause to believe that Thomas Kelley was a fugitive from justice. Stegmeier's argument with regard to sufficiency of the evidence on the providing a firearm to a prohibited person charge is that he "did not sell, dispose or otherwise transfer even temporary ownership or possession of the handgun in question to Kelley. Stegmeier merely provided Kelley with the temporary use of a motor home, while retaining full ownership of the motor home and rights of entry into the motor home." Doc. 58.

There is no evidence that Stegmeier sold the firearm to Kelley. Therefore, the definition of "otherwise dispose of" is critical to the analysis of sufficiency of the evidence as it relates to Count Three. In *Huddleston v. United States*, 415 U.S. 814, 823 (1974), the Supreme Court, in a case in which a defendant was found guilty of knowingly making a false statement in connection with the

4

acquisition of a firearm, in violation of 18 U.S.C.A. § 922(a)(6), held that the term "acquisition" as used in that statute contemplates any person who comes into possession, control, or power of disposal of a firearm. The Supreme Court in *Huddleston* held that the term "acquisition" as used in 18 U.S.C.A. § 922(a)(6), and the phrase "sale or other disposition" are correlatives. *Id*. A defendant, therefore, disposes of a firearm under 18 U.S.C. § 922(d) if the transferee "'comes into possession, control, or power of disposal of a firearm.'" *United States v. Monteleone*, 77 F.3d 1086, 1092 (8th Cir.1996)(quoting *Huddleston*, 415 U.S. at 823).

Stegmeier allowed Kelley to live in his RV in two different location, starting the end of September of 2010, and continuing until Kelley's apprehension on December 22, 2010. Stegmeier testified that when he helped move Kelley into the RV he told Kelley, "My Pistol is in the closet." At the time law enforcement was searching the RV on December 22, 2010, the pistol was not in the closet as Stegmeier had advised them it would be. Agent Legg testified that Stagmeier told him on December 22, 2010, that Kelley must have moved the gun and that they should check under the pillow because that is where Kelley usually kept the gun. The .357 handgun was eventually located in a compartment within arm's reach of the bed in the RV.

The evidence at trial supports a jury finding that Stegmeier disposed of the gun to Kelley. Stegmeier allowed Kelley the use of his RV and advised him of the location of the gun within the RV. Kelley had the power of disposal of the .357 handgun. There is further evidence that Stegmeier was aware that Kelley would have moved and exercised control over that handgun. There was sufficient evidence to convict Stegmeier of the charges under 18 U.S.C. § 922(d).

4.
WHETHER STEGMEIER'S SECOND AMENDMENT RIGHTS WERE VIOLATED?

Stegmeier contends that the application of 18 U.S.C. § 922(d) in this case violated his Second Amendment rights. The Second Amendment protects an individual's right to possess a firearm and to use that arm for traditionally lawful purposes, such as self-defense of the individual and his family within the individual's home. *See District of Columbia v. Heller*, 554 U.S. 570, 636 (2008).Stegmeier, however, does not present a case where an individual is merely exercising his right to bear arms under the Second Amendment. Stegmeier gave a felon and a fugitive the power of disposal over a handgun that was located not in Stegmeier's home, but in a RV that was owned by

5

Stegmeier but made available by Stegmeier for a period of three months, a majority of the time in a different state from which Stegmeier resided. *United States v. Huet*, Crim. No. 08-0215, 2010 WL 4853847 (W.D.Pa.,2010), a case relied upon by Stegmeier in support of his Second Amendment argument, is not controlling in this case. In the *Huet* case, a defendant's gun was found by law enforcement in a bedroom of a home jointly occupied by the defendant and a felon, and there was no evidence that the felon had even been in the bedroom where the gun was located. *Huet* at *3. Stegmeier has presented no persuasive authority to support his Second Amendment argument. Accordingly,

**IT IS ORDERED** that Stegmeier's motion for judgment of acquittal is denied.

Dated this 2nd day of December, 2011.

BY THE COURT:

_____
Lawrence L. Piersol
United States District Judge

ATTEST:
JOSEPH HAAS, CLERK
BY: _Colleen Schulte_
    Deputy